UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATHLEEN HERMAN,

      Plaintiff,

      v.

Case No. 2:24-cv-932-SPC-KCD

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,

      Defendant,
_____/

## ORDER

Before the Court is Defendant Wright National Flood Insurance Company's Motion to Compel Discovery. (Doc. 22.)[1] Plaintiff Kathleen Herman did not respond, and the time to do so expired. The Court thus considers the motion unopposed. *See* Local Rule 3.01(c).

Defendant served discovery on Herman, and her answers were due by April 3, 2025. (Doc. 22 ¶ 3.) After several extensions, Herman has still not answered the outstanding interrogatories—they are now "112 days overdue." (*Id.* ¶ 11.) The Federal Rules provide that a party may move for an order compelling compliance in such circumstances. *See* Fed. R. Civ. P. 37(a)(3), (b)(2)(A).

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Defendant tried to confer with Herman in a good-faith effort to resolve this dispute to no avail. (Doc. 22 at 4.)[2] And now Herman failed to respond to the motion to compel, thereby waiving any objections to the discovery. *See Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-CV-69-ORL-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011). Having received no response in opposition, the Court grants the motion to compel. Within 10 days of this order, Herman must serve full and complete responses to the outstanding interrogatories.

Defendant also asks for "its reasonable fees and expenses incurred in making this motion." (Doc. 22 at 4.) If a motion to compel is granted, "the court must . . . require the party [whose] conduct necessitated the motion" to pay the reasonable expenses, including attorney's fees, caused by the failure. Fed. R. Civ. P. 37(a)(5)(A). These sanctions are self-executing. The court *must* award expenses when a motion to compel prevails. *KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021); *see also Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993).

No doubt sanctions are appropriate here. Herman did not provide the discovery and is now being compelled to do so. Thus, "an award of attorney's

---

[2] The Court cites the page numbers generated by its electronic filing system for ease of reference.

fees and expenses is mandated." *Bayer Healthcare Pharms., Inc. v. River's Edge Pharms., LLC*, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *6 (N.D. Ga. Mar. 21, 2014).

Rule 37 does have a safe-harbor provision. The court need not order sanctions if the disobedient party's conduct was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(C). The burden of avoiding sanctions rests on the disobedient party. *See, e.g.*, *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

Herman has not carried her burden. Indeed, she offers no opposition to the motion. That ends the matter—the Court "must order [her] to pay the reasonable expenses, including attorney's fees, caused by the failure." *Sanchez v. City of St. Cloud*, No. 6:22-CV-11-CEM-DCI, 2023 WL 6809621, at *3 (M.D. Fla. Oct. 16, 2023).

Accordingly, it is **ORDERED**:

1. Defendant's Motion to Compel (Doc. 22) is **GRANTED**.

2. Within 10 days of this order, Herman must answer the outstanding interrogatories.

      3.    Within 14 days of this order, the parties must meet and confer about the expenses Defendant reasonably incurred in making the motion. If the parties cannot agree on a fee award, Defendant must submit a motion, which includes necessary supporting documents detailing its reasonable expenses, if it wishes to pursue such relief.

      **ENTERED** in Fort Myers, Florida on August 15, 2025.

Kyle C. Dudek
United States Magistrate Judge