UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATHLEEN HERMAN,

      Plaintiff,

v.                                                           Case No.:  2:24-cv-932-SPC-KRH

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,

      Defendant.

---

## ORDER

This matter comes before the Court on sua sponte review of the file.  On May 18, 2026, the Honorable Kevin R. Huguelet ordered pro se Plaintiff Kathleen Herman, *inter alia*, to show cause why this action should not be dismissed for failure to prosecute under M.D. Fla. R. 3.10.  (Doc. 53).  Judge Huguelet detailed Plaintiff's delays in this case and her inability to cooperate with Defendant Wright National Flood Insurance Company's counsel.  (*See id.* at 2) ("From September 2025 until March 2026, th[is] case did not progress while the Court assisted Plaintiff in obtaining her file from her prior counsel . . . **To be clear, most if not all of the delay was attributable to Plaintiff**.") (internal citations omitted) (emphasis added); (*see also id.*) (noting Plaintiff's failure to comply with discovery obligations).

Rather than responding to the show cause order, Plaintiff filed a motion for reconsideration of an earlier-filed motion. (Doc. 54). On June 10, 2026, Judge Huguelet issued an order denying Plaintiff's motion for reconsideration and setting a show cause hearing for July 6, 2026. (Doc. 55). The order explicitly required Plaintiff to appear in person for the hearing, given her history of non-compliance with Court orders. (*Id.* at 2). The order also required Plaintiff to respond to outstanding interrogatories and to confer with Defendant to schedule a mediation before the hearing. (*Id.* at 3). Per the order, Defendant filed a notice before the hearing indicating that Plaintiff failed to provide interrogatory responses or to confer regarding mediation. (Doc. 57).

Plaintiff failed to appear for the show cause hearing. (Doc. 59 at 1). Court staff attempted to contact Plaintiff by telephone to no avail. (*See id.*). On the day of the hearing, the Court received a letter from Plaintiff. (Doc. 58). In her letter, Plaintiff acknowledges that she knew she was required to appear in person for the show cause hearing but that doing so would be a "complete hardship" because she lives in New York.[1] (Doc. 58 at 2). She then accuses Defendant of "stonewalling" this case without evidence, again requests that

---

[1] Plaintiff writes in her letter that she "believe[s]" the Court does not know she lives in New York. (Doc. 58 at 2). The Court is well-aware of Plaintiff's residence; she was ordered to appear in person because "written orders ha[d] little effect on" compelling her to cooperate with Defendant's counsel and move this case forward. (Doc. 55 at 2). Plaintiff chose to bring this suit in the Middle District of Florida. Her refusal to arrange for travel for the show cause hearing after receiving ample notice is inexcusable.

the Court help her obtain discovery, and asks the Court not to dismiss for failure to prosecute. (*See id.*).

Plaintiff's failure to comply with Judge Huguelet's order and to appear for the show cause hearing is unacceptable. Her letter makes clear that she understood her obligation to appear and intentionally chose not to do so. And an eleventh-hour request to be excused from an in-person hearing is inexcusable. Plaintiff received a warning this hearing was her "one final opportunity to show the Court that she is prosecuting this action." (Doc. 55 at 2). Yet she still disobeyed the order without any legitimate justification. Further, she provides no explanation for failing to confer with Defendant or to provide interrogatory answers. The Court's patience is at an end.

The Court dismisses Plaintiff's complaint without prejudice for failure to prosecute. *See* M.D. Fla. R. 3.10; Fed. R. Civ. P. 41(b); *Owens v. Pinellas Cnty. Sheriff's Dep't,* 331 F. App'x 654, 656 (11th Cir. 2009) ("Pursuant to Fed. R. Civ. P. 41(b), a district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court . . . especially where the litigant has been forewarned[.]").

Accordingly, this action is **dismissed without prejudice** for failure to prosecute. The Clerk is **directed** to terminate any pending deadlines, deny all pending motions as moot, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on July 7, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4